NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **DAVID BRAVETTI, DERIVATIVELY, ON BEHALF OF AMERICAN ORIENTAL BIOENGINEERING, INC.** | : | |
| **PLAINTIFF,** | : | **Civil Action No. 3:12-cv-7492-MAS-TJB** |
| **v.** | : | |
| **TONY LIU, YANCHUN LI, BINSHENG LI, JUN MIN, LAWRENCE WIZEL, COSIMO PATTI, XIANMIN WANG, BAIQUING ZHANG, EILEEN BRODY,** | : | **MEMORANDUM OPINION** |
| **DEFENDANTS.** | : | |
| ***and*** | : | |
| **AMERICAN ORIENTAL BIOENGINEERING, INC., A NEVADA CORPORATION,** | : | |
| **NOMINAL DEFENDANT** | : | |

**BONGIOVANNI, Magistrate Judge**

This matter has been opened to the Court upon Motion [Docket Entry No. 12] by Plaintiff David Bravetti, derivatively, on behalf of American Oriental Bioengineering, Inc. ("Plaintiff") seeking an Order (1) authorizing service on Defendants Tony Liu, Yanchun Li, Jun Min,, Xianmin Wang and Baiqing Zhang ("Foreign Individual Defendants") by serving American Oriental International, Inc.'s counsel of record and (2) permitting Plaintiff to serve discovery on American Oriental International, Inc. to obtain all addresses and all other identifying information for Defendant Binsheng Li. Defendants oppose Plaintiff's motion [Docket Entry No. 14]. The Court has fully reviewed the submissions of the parties and considers same without oral

argument pursuant to Fed.R.Civ.P. 78. For the following reasons, Plaintiff's Motion is GRANTED.

## I. Background and Procedural History

This is a shareholder derivative action brought by Plaintiff on behalf of nominal Defendant American Oriental Bioengineering, Inc. ("AOB") against some of its officers and directors for breaches of fiduciary duties, waste of corporate assets and unjust enrichment. Defendants are Tony Liu-AOB's Chief Executive Officer and Chairman of the Board, Yanchun Li-AOB's Chief Financial Officer and Director, Bingsheng Li-AOB's Chief Accounting Officer until November 2011 and Director until December 2011, Jun Min-AOB's Vice President and Director, Lawrence Wizel-AOB's Director until May 2012 and former Chairperson of Audit Committee Chairman, Cosimo Patti-AOB's Director and member of the Audit Committee, Xianmin Wang-AOB's Director and member of the Audit Committee, Baiquing Zhang-AOB's Director and Eileen Brody-AOB's Director until December 2011 and former member of the Audit Committee. *Pl.'s Compl*. at 2-3. Six of the nine individual Defendants are foreign nationals residing in the People's Republic of China. *Pl.'s Br. in Supp. of Mot*. at 3.

### A. Plaintiff's Arguments

Plainitff argues that serving defendants who are current officers and directors of the company through that company's counsel comports with due process. *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560 (C.D.Cal.2012), *In re GLG Life Tech Corp. Sec. Liti.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012). Plaintiff cites cases involving China-based companies. *Plaintiff's Br*. at 6-12.

Plaintiff suggests the Hague Convention does not apply. *Plaintiff's Reply Br*. at 2. Under *Volkswagenwerk Aktengesellschaft v. Schlunk*, 486 U.S. 694 (1988), the Hague

Convention does not apply when the service of process does not transmit documents abroad. Here, Plaintiff argues that since the service of process would be on a United States law firm, the Hague Convention does not apply. *Id.* at 3.

Assuming otherwise, Plaintiff submits that the legislative intent behind the Hague Convention is to increase efficiency of notice in international cases. *Id.* at 4-5. Plaintiff argues that the Hague Convention should be construed broadly and that nothing in the Act prevents a request for alternative service. *Id*.

Next, Plaintiff submits that Federal Rule of Civil Procedure 4(f)(3) does not have an exhaustion requirement. *Id.* at 5. In other words, Hague Convention service of process does not need to be explored first. The only condition is that the method of service must not be prohibited by the Hague Convention.

Similarly, in *MorningStar v. Dejun*, 2013 WL 502474, at *1. (C.D. Cal. Feb. 8, 2013), the Court rejected the contention that the Hague Convention provides the exclusive means for serving defendants residing in China. Moreover, Plaintiff argues that it does not have to test the burdens of Hague Convention service of process before the Court can exercise Rule 4(f) discretion. *Id*. at 9. Service on AOB's U.S. counsel is reasonably calculated to apprise the Foreign Defendants of the pendency of the action and afford them an opportunity to present their objections. *Id*. at 11.

While AOB asserts that its lead counsel has not been in contact with two of the six Foreign Individual Defendants, it has asserted that all of the Foreign Individual Defendants were willing to designate an agent for service in China. *Defendant's Opp'n Br*. at 8. Plaintiff suggests this implies that all of these Defendants have been in direct or indirect contact with AOB and/or Loeb & Loeb such that they are virtually guaranteed to receive notice of the pendency of the

action if served by the means Plaintiff proposes. *Plaintiff's Reply Br*. at 11.

**B. Defendant's Arguments**

Defendants primarily argue that alternative service under Federal Rule of Civil Procedure 4(f)(3) is prohibited by the Hague Convention. *Defendant's Opp'n Br*. at 2-9. When service is made to a Hague signatory country, like China, and that country has a law requiring service of process by transmittal of documents abroad, the use of the convention methods of service is "mandatory." *Volkswagen Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699-700 (1988).

Next, Defendants argue that the Hague Convention is mandatory and that Plaintiff's proposed method of service contravenes it. *Defendant's Opp'n Br*. at 5. Under *Volkswagen Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699-700 (1988), where service is to be made to a signatory country, and "the internal law of the [foreign country] defines the applicable method of serving process as requiring the transmittal of documents abroad," then the use of the convention service mechanisms is "mandatory." While *Schlunk* generally held that, Defendant distinguishes *Schlunk* from this case because the Defendants did not consent to the proposed method of service, but the defendants in *Schlunk* consented.

Defendants also contend that Plaintiff should have exhausted the Hague Convention method of service first. *Defendant's Opp'n Br*. at 12. ABO's counsel notes that in two of his cases, Courts imposed a Hague Convention exhaustion requirement, i.e. that the plaintiff must try to use a Hague method of service before the Court would allow alternative service under Federal Rule of Civil Procedure 4(f)(3). *See* Licker Decl. ¶7. Defendant rejects Plaintiff's arguments that the burdens and costs of serving foreign defendants justify an alternative service Order. *Defendant's Opp'n Br*. at 11. Under the Hague Convention Advisory Committee Comments, "if service is not accomplished within six months, the Hague Convention authorizes

use of alternative means." Defendant believes this comment suggests the Hague Convention methods of service need to be explored first.

Finally, Defendant argues that Plaintiff's proposed method of service does not comport with Due Process requirements for notice with respect to two defendants. *Id*. at 12-13. Defendant argues that two defendants have had no contact with ABO's lead counsel. Defendant believes it is questionable whether ABO's counsel had any contact with any of the other four foreign defendants. *Id*. at 13.

**II. Analysis**

The United States District Court for the Central District of California has already decided this issue in a parallel securities class action suit involving the same defendants. This Court agrees with the California Court's analysis. *See McGee v. American Oriental Bioengineering, Inc.*, No. CV 12-5476 FMO (SHx), attached as exhibit 1 to Plaintiff's brief. Thus, the Court holds that Plaintiff may serve Defendants through Loeb & Loeb, LLP for three reasons. First, the Hague Convention is not mandatory. Second, the particularities and necessities of this case make it appropriate to permit alternative service under Rule 4(f)(3). Third, the proposed method of service comports with due process.

Courts may direct service when "the particularities and necessities of a given case require alternative service of process." *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 at 1016 (9th Cir. 2002). Court-ordered service under Federal Rule of Civil Procedure 4(f)(3) is equal to other forms of service. *Id.* Courts can grant Rule 4(f)(3) requests even where a plaintiff does not show that the other means are unduly burdensome or impossible. Yet, it is helpful to plaintiff's case to show some measure of difficulty in effecting service by usual means. *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, 2012 WL 5992134 at *2 (C.D. Cal. 2012) (citations

omitted). Alternative service must be (1) directed by the court; and (2) not prohibited by international agreement. Fed.R.Civ.P. 4(f)(3).

The Court finds that alternative service of process is not prohibited by the Hague Convention. The Hague Convention sets out the means for service of process for foreign defendants in international civil suits. However, it "shall not apply where the address of the person to be served is not known." *Hague Convention*, Art. 1. While the defendants offered to provide an address of a designated agent of process, *See* Defendant's Opposition at 8, this is not an "address of the person to be served." Defendant submitted a declaration from Chinese Attorney Huan Wang, who attests that "[u]nder Peoples Republic of China law, the designation of an agent is equivalent to a residential address." *See* Wang Decl. at ¶2. Yet, Wang cites no law backing his belief that "the same is true for purposes of the Hague Convention." *Id.* at 3. In the absence of legal basis to support this claim, the Court finds that the Hague Convention does not apply because the address of the persons to be served is unknown.

Likewise, the Hague Convention does not apply because Plaintiff's proposed method of service does not require the transmittal of documents abroad. Under *Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 578 F.Supp.2d 1224, 1228 (C.D. Cal. 2008), the Hague Convention did not apply where Khachatryan served Toyota Japan under California law in a manner which did not require the transmittal of documents abroad. Here, the proposed method to serve Loeb & Loeb in the United States does not require the transmittal of documents abroad. Thus, the Hague convention does not apply.

To comport with Due Process requirements, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank &*

*Trust Co.*, 339 U.S. 306, 314 (1950). A plaintiff may properly serve a foreign defendant by effecting service on the domestic counsel or registered agent for a company in which the defendant is an officer or director. *Vanleeuwen*, 2012 WL 5992134, at *3 (citations omitted), *See Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 566 (C.D. Cal. 2012) (Even if the individual defendants are not actively involved in directing the litigations, their close connection to China Integrated makes it all but certain that when Gao, Li, and Guo are served through the company's counsel or its agent, they will receive notice of the suit.") (citations omitted) *See Rose v. Deer Consumer Products, Inc.*, 2011 WL 6951969, at *2 (C.D. Cal 2011) (permitting service on the company's registered agent where each individual defendant was a current or former officer or director of the company, the company was actively participating in the action, and the company's counsel had communications with the individual defendants).

The Court finds that by serving Loeb and Loeb, the U.S. Counsel of Record, Plaintiff comports with due process requirements because the method is reasonably calculated to apprise defendants of the lawsuit.

**Conclusion**

Based on the foregoing, IT IS ORDERED THAT:

**1.** Plaintiff may effect service on Tony Liu, Yanchun Li, Jun Min, Xianmin Wang and Baiquing Zhang by serving AOB's counsel, Loeb & Loeb, LLP.

**2**. With respect to Defendant Binsheng Li, who is no longer employed by AOB and has had no contact with AOB's counsel, Plaintiff may serve AOB with discovery requests to obtain all addresses and all other identifying information for Binsheng Li. AOB shall respond to the discovery requests within fourteen (14) calendar days of the date of service of the requests.

The Clerk of the Court is directed to terminate Docket Entry No. 12.

Dated this 11th Day of December, 2013

s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**