<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID BRAVETTI,
Derivatively, on behalf of AMERICAN
ORIENTAL BIOENGINEERING, INC.,

        Plaintiff,

v.

TONY LIU, et al.,

        Defendants.

Civil Action No. 12-7492 (MAS) (TJB)

**MEMORANDUM OPINION**

<u>**SHIPP, District Judge**</u>

This is a shareholder derivative action brought by Plaintiff David Bravetti ("Bravetti") on behalf of American Oriental Bioengineering, Inc. ("AOB"). It is before the Court on Defendants Lawrence Wizel, Cosimo Patti, and Eileen Brody's (collectively, the "U.S. Outside Director Defendants") motion to stay or, in the alternative, dismiss the complaint with prejudice, pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure.[1] (ECF No. 35.) Bravetti opposed the motion (ECF No. 48), and the U.S. Outside Director Defendants replied (ECF No.

---

[1] The U.S. Outside Director Defendants and Bravetti have each requested that the Court take judicial notice of various documents in connection with the instant motion. (ECF Nos. 38, 50.) The U.S. Outside Director Defendants request that the Court take judicial notice of: (1) certain U.S. Securities and Exchange Commission ("SEC") filings by AOB; (2) AOB's Articles of Incorporation; (3) certain previous court filings; and (4) historical stock prices for AOB. (ECF No. 38.) Bravetti seeks judicial notice of: (1) certain SEC filings by AOB; (2) a press release issued by AOB; (3) a screen shot of AOB's website; and (4) the docket of a similar derivative action in Nevada state court. (ECF No. 50.) Neither party objected to the other's request that the Court take judicial notice. Further, for the purposes of this motion, only the previous court filings and dockets are relevant. These documents constitute public records, and the Court takes judicial notice of these facts insofar as they are relevant here.

51). Nominal Defendant AOB and Defendants Tony Liu, Yanchum Li, Jun Min, Xianmin Wang, and Baiquing Zhang (collectively, with the U.S. Outside Director Defendants, "Defendants") moved to join in the U.S. Outside Director Defendants' motion. (ECF No. 39.) The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendants' motion is granted.

## I. Background

On December 6, 2012, Bravetti, an AOB shareholder, filed a shareholder derivative complaint, on behalf of AOB, against present and former directors and officers of AOB, asserting claims for breach of fiduciary duty, waste of corporate assets, and unjust enrichment (the "Complaint"). (Compl. ¶ 1.) AOB is a Nevada corporation that develops and manufactures pharmaceutical and healthcare products in China. (*Id.* ¶¶ 2, 16.) From November 16, 2009, to June 15, 2012, AOB allegedly issued false and improper statements, signed by various Defendants, regarding AOB's audit and accounting controls and financial status. (*See generally* Compl.)

On June 22, 2012, investors in AOB filed a securities fraud class action in the Central District of California against AOB and certain directors and officers of AOB arising out of the same facts as this action, alleging violations of the Securities Exchange Act of 1934 (the "Securities Class Action"). *See McGee v. Am. Oriental Bioengineering, Inc.*, No. 12-5476 (C.D. Cal. June 22, 2012). Additionally, on October 1, 2012, an AOB shareholder filed a shareholder derivative action, substantially similar to this action, in Nevada state court ("Nevada Derivative Action"). *See Barbato v. Liu, et al.*, No. 12-2480 (Nev. Dist. Ct. Oct. 1, 2012). Two days later, Bravetti made a demand on AOB's board of directors (the "Board") by letter sent to AOB's registered agent. (Compl. ¶ 86.) After not receiving a response from AOB within sixty days, Bravetti filed this action. (*Id.* ¶¶ 87-88.) Defendants now move to stay or, in the alternative, to

dismiss this action.[2] Defendants seek dismissal on two separate grounds: (1) Bravetti fails to adequately plead the additional requirements for shareholder derivative actions under Rule 23.1, and (2) Bravetti fails to state a claim under Rule 12(b)(6).

## II.   Legal Standard

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

Rule 23.1 of the Federal Rules of Civil Procedure imposes additional pleading requirements unique to shareholder derivative actions. *See* Fed. R. Civ. P. 23.1. Specifically, Rule 23.1 requires, inter alia, that a plaintiff allege in his complaint that he "was a shareholder or member at the time of the transaction complained of." Fed. R. Civ. P. 23.1(b)(1). Rule 23.1 also contains a heightened pleading standard that requires a plaintiff to allege with particularity "any effort by the plaintiff to obtain the desired action from the directors" and "the reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b)(3); *see also Kanter v.*

---

[2] Defendants move to stay this action pending a final resolution in both the Securities Class Action and the Nevada Derivative Action. (Defs.' Br. 10, 15.) Defendants assert that these actions can be stayed pursuant to the Court's inherent powers and pursuant to *Colorado River* abstention, respectively. (*Id.*) On September 23, 2014, Judge Olguin dismissed with prejudice the Fourth Amended Class Action Complaint in the Securities Class Action. (Joint Notice, Ex. A, ECF No. 44-1.) Additionally, on January 21, 2015, the Nevada Derivative Action was voluntarily dismissed. *See Barbato v. Liu*, No. 12-2480 (Nev. Dist. Ct. Jan. 21, 2015). Therefore, Defendants' motion to stay is moot as both the Securities Class Action and the Nevada Derivative Action have been dismissed.

*Barella*, 489 F.3d 170, 180 (3d Cir. 2007) ("*Kanter II*"). Pleading both the demand and the corporation's refusal to comply therewith is a necessary precondition to bringing a shareholder derivative action. *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 96 (1991). Rule 23.1 raises the "pleading standard higher than the normal standard applicable to the analysis of a pleading challenged under Rule 12(b)(6)." *In re Am. Int'l Grp., Inc.*, 700 F. Supp. 2d 419, 430 (S.D.N.Y. 2010), *aff'd*, *In re Am. Int'l Grp., Inc.*, 415 F. App'x 285 (2d Cir. 2011); *see also Kanter II*, 489 F.3d at 176. Accordingly, "Rule 23.1 is not satisfied by conclusory statements or mere notice pleading." *In re Am. Int'l Grp., Inc.*, 700 F. Supp. 2d at 430; *see also Kanter v. Barella*, 388 F. Supp. 2d 474, 480 (D.N.J. 2005) ("*Kanter I*"), *aff'd*, *Kanter II*, 489 F.3d at 170 ("conclusory allegations do not satisfy the heightened pleading requirements of Rule 23.1").

### III. Choice of Law

Although Rule 23.1 sets forth the procedural requirements for pleading a derivative suit, the substantive requirements of demand are determined in accordance with the applicable state law. *See Kamen*, 500 U.S. at 97 ("[I]n order to determine whether the demand requirement may be excused by futility in a derivative action . . . we must identify the source and content of the substantive law that defines the demand requirement in such a suit."); *see also Blasband v. Rales*, 971 F.2d 1034, 1047 (3d Cir. 1992) ("The substantive requirements of demand are a matter of state law."). Therefore, federal courts are required to apply state substantive law to determine whether the facts plead adequately demonstrate demand and refusal. *See Lieberson v. Johnson & Johnson Consumer Companies, Inc.*, 865 F. Supp. 2d 544, 555 (D.N.J. 2011). To determine what substantive law should apply, a federal court sitting in diversity must apply the choice-of-law rules of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Bravetti brought this action in the District of New Jersey, and thus, New Jersey's choice-of-law rules apply.

"Under New Jersey's choice-of-law rules, the law of the state of incorporation governs internal corporate affairs." *Fagin v. Gilmartin*, 432 F.3d 276, 282 (3d Cir. 2005) (citing *Brotherton v. Celotex Corp.*, 202 N.J. Super. 148 (N.J. Super. Ct. Law Div. 1985)). AOB is a Nevada corporation, and the parties agree that Nevada substantive law should apply. (Defs.' Br. 20, n.25, ECF No. 36; Pl.'s Br. 21, ECF No. 48.) Additionally, when Nevada law does not provide an answer, Nevada courts generally look to Delaware for guidance on issues of corporate law. *See Shoen v. SAC Holding Corp.*, 122 Nev. 621, 634 (2006).

## IV. Analysis

In support of their motion, Defendants argue that this action should be dismissed because Bravetti failed to meet the pleading requirements of Rule 23.1 and failed to state a claim under Rule 12(b)(6). Because this Court's determination as to Rule 23.1 is dispositive, the Court will not address Defendants' arguments under Rule 12(b)(6). Defendants assert that Bravetti failed to adequately plead the stock purchase date and pre-suit demand. The Court will address each argument in turn.

### A. Contemporaneous Ownership Requirement

Federal Rule of Civil Procedure 23.1(b) requires that a complaint "allege that the plaintiff was a shareholder or member at the time of the transaction complained of." Fed. R. Civ. P. 23.1(b)(1). Defendants argue that Rule 23.1(b)(1) requires both contemporaneous and continuous ownership. Specifically, Defendants argue the Complaint is deficient because Rule 23.1 requires a plaintiff to allege the exact dates he purchased a company's shares and Bravetti has not done so here.

The Complaint alleges that "Plaintiff was a shareholder at the time of the wrongdoing of which he complains and has continuously been a shareholder." (Compl. ¶¶ 15, 85.) The

Complaint does not contain any other allegations regarding Bravetti's stock ownership. On a motion to dismiss, the Court must accept all factual allegations as true. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). While the truth of these facts may be doubtful to Defendants, Bravetti's Complaint is verified, and courts in this Circuit have held that such allegations meet the pleading requirements of Rule 23.1(b). *See Recchion v. Kirby*, 637 F. Supp. 284, 288-89 (W.D. Pa. 1985). The Third Circuit has not adopted any additional pleading requirements that necessitate the pleading of specific dates a shareholder acquired his shares as others courts have done and on which Defendants rely on for support. *See, e.g., Sokolowski ex rel. Las Vegas Sands Corp. v. Adelson*, No. 14-111, 2014 WL 3748191, at *3 (D. Nev. July 30, 2014) (applying Rule 23.1(b) of the Federal Rules of Civil Procedure and holding that courts in the Ninth Circuit have interpreted the Rule to require "plaintiff to precisely indicate the stock acquisition date in the complaint"). Therefore, Bravetti has adequately plead contemporaneous ownership under Rule 23.1(b).

**B.  Pre-Suit Demand Requirement**

Defendants also argue that Bravetti lacks standing because he failed to adequately plead the demand requirement under Rule 23.1 and Nevada's corporations laws. Specifically, Defendants assert that under Nevada law this requirement is only met when, after demand is made, the board wrongfully refuses the demand to take action.[3] Defendants argue that Bravetti's filing of this suit was premature because the Board never refused Bravetti's demand, let alone wrongfully refused it. Bravetti does not dispute that he made a demand on the Board. Instead, Bravetti argues

---

[3] This is often referred to as a "demand refused" case. There is also the "demand excused case," where, under Nevada law, a shareholder may plead that he is excused from making a demand because it would be futile. Once a shareholder makes a demand, however, that shareholder is no longer able to claim that the demand is excused. *See Morefield v. Bailey*, 959 F. Supp. 2d 887, 898 (E.D. Va. 2013) (applying Nevada law).

that Defendants' two-month delay in responding to his demand letter was so unreasonable that it constituted wrongful refusal.

In the Complaint, Bravetti asserts that on October 3, 2012, he made a demand on the Board to investigate and remedy certain breaches of fiduciary duty. (Compl. ¶ 86.) Bravetti goes on to assert that at the time of filing the Complaint—December 6, 2012—the Board had not responded to his demand, even though it "clearly received the [d]emand as evidenced by the attached letter and certified mail return receipt." (*Id.* ¶ 87 (citing Ex. 1).) Exhibit 1 to the Complaint is Bravetti's demand letter, dated October 3, 2012; however, no certified mail return receipt was attached. (Compl., Ex. 1.) In the Complaint, Bravetti further alleges that the Board's failure to respond demonstrates "the Board's utter and complete failure to investigate Plaintiff's Demand" and "evidences a lack of good faith exercise of the Board's business judgment." (*Id.* ¶ 88.)

"Generally a stockholder of a corporation lacks standing to proceed individually"; however, Rule 23.1 provides an injured shareholder a remedy by way of a derivative action. *Judice's Sunshine Pontiac, Inc. v. Gen. Motors Corp.*, 418 F. Supp. 1212, 1219 (D.N.J. 1976). To proceed by a derivative action, Rule 23.1 mandates a heightened pleading standard and requires that a shareholder plead with particularity both the demand and the corporation's refusal because a derivative action "is a remedy of last resort." *Renfro v. Fed. Deposit Ins. Corp.*, 773 F.2d 657, 658 (5th Cir. 1985). This is because "[t]he purpose of Rule 23.1's demand and refusal requirement is to afford the directors an opportunity to exercise their reasonable business judgment and waive a legal right vested in the corporation in the belief that its best interests will be promoted by not insisting on such right." *Lieberson*, 865 F. Supp. 2d at 554-55 (internal quotation marks omitted); *see also Kanter I*, 388 F. Supp. 2d at 478. "[T]he law has historically been particularly wary of allowing *shareholders* to sue on their *corporation's* behalf . . . . [b]ecause of the fear that

7

shareholder derivative suits could subvert the basic principle of management control over corporate operations." *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1463 (9th Cir. 1995). Because "such an action . . . implies that the corporation is unwilling or unable to conduct a suit on its own behalf," Rule 23.1 allows a court first to ascertain "whether the corporation is unwilling to undertake the action." *Gonzalez Turul v. Rogatol Distrib., Inc.*, 951 F.2d 1, 2 (1st Cir. 1991).

The substantive requirements of pleading demand are determined in accordance with Nevada law. Pursuant to Nevada's corporations laws, in a shareholder derivative action, the complaint must "set forth with particularity the efforts of the plaintiff to secure from the board of directors . . . such action as the plaintiff desires, and the reasons for the plaintiff's failure to obtain such action." Nev. Rev. Stat. Ann. § 41.520. "Ordinarily, under Nevada's corporations laws, a corporation's board of directors has full control over the affairs of the corporation." *Shoen*, 122 Nev. at 632 (internal quotation marks omitted). Because of this corporate structure, the Nevada Supreme Court has recognized that Nevada's demand requirement is meant to, first, "give [the board of directors] an opportunity to control any acts needed to correct improper conduct or actions, including any necessary litigation." *Id.* at 633. Second, "the demand requirement protects clearly discretionary directorial conduct and corporate assets by discouraging unnecessary, unfounded, or improper shareholder actions . . . . [and provides] recognition of the fundamental precept that directors manage the business and affairs of corporations." *Id.*

The Nevada Supreme Court has not defined the substantive requirements for a demand refused case, but Nevada courts often look to Delaware on corporate law issues. *See Shoen*, 122 Nev. at 634 n.21 (citing *Brehm v. Eisner*, 746 A.2d 244, 254 (Del. 2000)). Under Delaware law, "once a demand has been made, absent a wrongful refusal, the stockholders' ability to initiate a derivative suit is terminated." *Spiegel v. Buntrock*, 571 A.2d 767, 775 (Del. 1990). Here, Bravetti

argues that the two-month delay in the Board responding to his demand constitutes wrongful refusal. "Under Delaware law, there is no precise rule governing how much time must elapse following a demand on a corporation before plaintiffs may file suit." *In re Smith & Wesson Holding Corp. Derivative Litig.*, 743 F. Supp. 2d 14, 19 (D. Mass. 2010) (citing *Allison v. Gen. Motors Corp.*, 604 F. Supp. 1106, 1117-18 (D. Del. 1985), *aff'd*, 782 F.2d 1026 (3d Cir. 1985)). Instead, Delaware courts have held that the adequacy of a demand is "tied to its purpose," *Allison*, 604 F. Supp. at 117, and the purpose of the demand requirement is the same in Delaware as it is in Nevada—"to assure that the stockholder affords the corporation the opportunity to address an alleged wrong without litigation, to decide whether to invest the resources of the corporation in litigation, and to control any litigation which does occur." *Spiegel v. Buntrock*, 571 A.2d 767, 773 (Del. 1990); *see also Shoen*, 122 Nev. at 633. Because of its purpose, Delaware courts have recognized that the demand "must be more than pro forma; the plaintiff must make a serious request[,] . . . . [h]e must make an earnest, not a simulated effort . . . to induce remedial action on [the corporation's] part." *Smachlo v. Birkelo*, 576 F. Supp. 1439, 1443-44 (D. Del. 1983) (internal quotation marks omitted).

Here, Bravetti's reliance on the Board's alleged failure to respond to his demand letter to signify that the Board was "unable or unwilling to act in good faith with regard to the claims" is unjustified. (Compl. ¶ 88.) As plead, on October 3, 2012, Bravetti mailed a demand letter to AOB's registered agent. Although the Complaint alleges the demand letter was received by the registered agent based on an attached certified mail return receipt, Plaintiff has not provided the receipt. Additionally, the demand letter was sent just two days after the Nevada Derivative Action was filed and approximately three months after the Securities Class Action was filed. According

to the allegations in his Complaint, Bravetti was clearly aware of the pending Securities Class Action.

Although Bravetti was aware of at least the ongoing Securities Class Action, the Complaint's allegations reflect no steps taken by Bravetti to confirm receipt of the demand letter to the Board or the status of any investigation by AOB before filing suit. *See Kirby*, 637 F. Supp. at 1319 (holding demand inadequate when plaintiffs did not determine status of investigation before filing suit and only two months had passed between demand letter and filing suit). Instead, Bravetti chose not to take any steps to determine the status of AOB's investigation and failed to exhaust all means to obtain resolution of his grievances before filing suit derivatively on behalf of AOB. *See, e.g., Renfro*, 773 F.2d at 660 (holding demand was inadequate as a matter of law where plaintiff knew of defendant's investigation and did not take any steps to determine status of investigation or of Defendant's refusal of the demand prior to filing suit); *Equitec-Cole Roesler LLC v. McClanahan*, 251 F. Supp. 2d 1347, 1352 (S.D. Tex. 2003) (holding that demand requirement was not met where plaintiff filed suit without a response from a single demand because plaintiff did not "exhaust[] all the means within its reach to obtain, within the corporation itself, the redress of its grievances"). Bravetti's demand is inadequate under Nevada law because it ignores the requirement's purpose. Based on Bravetti's minimal demand-related efforts, and in light of Bravetti's knowledge that AOB was involved in the Securities Class Action, this Court cannot on the facts alleged find that AOB was unwilling to undertake this action. Additionally, it is clear that Bravetti did not exhaust any means within AOB to redress his grievances. The Court "find[s] it hard to avoid the conclusion that from the outset plaintiff[] [was] resolved upon making a trip to the briar patch and sought only an excuse to be thrown in." *Renfro*, 773 F.2d at 660. As

such, the board's actions cannot be characterized as a wrongful refusal, the Complaint is premature, and Defendants' motion will be granted.

Additionally, dismissal is the appropriate course of action where there has been a premature filing in a derivative action. *See, e.g.*, *In re Smith & Wesson Holding Corp.*, 743 F. Supp. 2d at 21 (holding dismissal is the appropriate action when faced with a premature filing). The underlying facts of this case have changed significantly since Bravetti filed the Complaint. On January 29, 2013, Defendants and AOB responded to Bravetti's demand letter.[4] (Decl. of Katherine D. Seib ("Seib Decl."), Ex. J ("Response Letter"), ECF No. 37-10.) In their response, Defendants and AOB informed Bravetti that they had never received his demand letter from their registered agent and were not otherwise aware of his letter. (*Id.*) In further responding, Defendants and AOB informed Bravetti they were considering the issues raised and invited him to provide any additional relevant information. (*Id.*) Moreover, since filing the Complaint and receiving Defendants' response letter, the Securities Class Action has been dismissed with prejudice. There is a possibility that AOB will choose to initiate litigation following an investigation or, alternatively, AOB may reject Bravetti's demand. If the latter occurs, and AOB wrongfully refuses Bravetti's demand, he will have the option to file a new action.

---

[4] As a general rule, when the court is ruling on a motion to dismiss, it may only consider the pleadings. *See Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). Courts, however, have considered correspondence related to a shareholder's demand on a motion to dismiss even if it is not referred to in the complaint. *See Sprando ex rel. Int'l Game Tech. v. Hart*, No. 10-00415, 2011 WL 3055242, at *4 (D. Nev. July 22, 2011), *aff'd sub nom. Sprando v. Hart*, 527 F. App'x 646 (9th Cir. 2013).

## V.     Conclusion

For the reasons set forth above, Defendants motion to dismiss is granted. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** April 28th, 2015